UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CLEARLAKE POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01481-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Clearlake Police Department and three of its employees --- Lieutenant Herman, Sergeant Celli, and Officer Hobbs (collectively "the Clearlake Defendants"), and against Sutter County District Attorney Clint Curry and Sutter County Child Protective Services ("CPS") (collectively "the Sutter County Defendants"). Plaintiff's claims against the Sutter County Defendants are improperly joined and are therefore DISMISSED without prejudice to bringing them in their proper venue, the Eastern District of California. His claims against the Clearlake Defendants are DISMISSED with leave to amend because they do not present grounds upon which relief can be granted.

## BACKGROUND

Plaintiff alleges that after he filed a federal lawsuit against the Clearlake Police Department, *Davis v. Clearlake Police Dep't., et al.,* No. C 07-3365 EDL (N.D. Cal.), in 2007, the Clearlake Police Department, Lt. Herman, Sgt. Celli, and Officer Hobbs retaliated against him by identifying him in their database as "Anti-Law Enforcement," which has resulted in Plaintiff's life being in danger anytime he encounters law enforcement. (ECF No. 1 at 12.) However, the Court

notes that in his prior lawsuits, Plaintiff stated that he was designated anti-law enforcement and racially profiled by the Clearlake Defendants in late 2006 and early 2007, before he filed the 2007 lawsuit, which was in fact a response to those actions. *See Davis v. Herman, et al.*, C No. 09-0257 PJH (ECF No. 17). Plaintiff claims that placement in this database constitutes cruel and unusual punishment; a deprivation of his life, liberty, and property; and a violation of his equal protection rights. (ECF No. 1 at 12-13.) Plaintiff does not allege any incidents in which the Clearlake Defendants endangered him or unlawfully targeted him; he has been in prison for ten years, his release is imminent, and he fears such treatment upon his release. (*Id.*)

Plaintiff further alleges that in 2012, he was arrested for a family domestic matter in Sutter County. (*Id.*) He made bail on July 9, 2012, and District Attorney Curry "used all entities that were at his disposal" including instructing CPS to place surveillance on Plaintiff's home. (*Id.* at 13.) A CPS employee observed Plaintiff at his home washing his dog and reported this to Yuba County Police Officer Willings; Plaintiff ran upon seeing the CPS employee; Willings then approached Plaintiff with a drawn weapon; and Officer Willings handcuffed him and stated that if there hadn't been so many people, he would have shot Plaintiff. (*Id.*)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties without the assistance of an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

A.  Improper Joinder

Plaintiff improperly joins his claims against the Sutter County Defendants and his claims against the Clearlake Defendants in a single complaint.  "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." *Id.* 18(a).  When, as here, there are multiple defendants, they may be joined in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id*. at 20(a)(2).  The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits." *Id*.  "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*.

The claims arise from separate and unrelated incidents: the claims against the Sutter County Defendants arise from his arrest in 2012 in Yuba County, whereas his claims against the Clearlake Defendants arise from their alleged designation and targeting of him as "Anti-Law

3

Enforcement" and a "Black Extremist" beginning in 2006 and 2007. If Plaintiff means to allege that the Sutter County Defendants' actions were based upon the Clearlake Defendants' actions, such an allegation is conclusory at best insofar as he alleges no facts indicating a connection between the two. Furthermore, the claims are based upon different legal theories: Plaintiff asserts retaliation, due process, Eighth Amendment, and equal protection claims against the Clearlake Defendants, whereas he appears to allege wrongful arrest and improper threats by the Sutter County Defendants. Plaintiff's claims do not arise out of the same transaction, occurrence, or series of occurrences, and do not involve a common question of law or fact. Accordingly, the Court finds the claims improperly joined.

Furthermore, the proper venue for Plaintiff's claims against the Sutter County Defendants is the Eastern District of California, which is the district in which Sutter County lies. *See* 28 U.S.C. § 84. Accordingly, the claims against Defendants Curry and the Sutter County Child Protective Services will be dismissed without prejudice to bringing them in a separate action filed in the United States District Court for the Eastern District of California.[1]

B.    Claims Against Clearlake Defendants

Plaintiff alleges that Defendants have violated the following federal constitutional or statutory rights: "Unlawfully targeted, Unlawfully labelled as Anti Law Enforcement, Unlawfully Labeled as a Black Extremist, Retaliation for Reporting Police Discrimination, Deprivation of Life, Liberty and Property, Deprivation of Equal Protection Under the Law, Cruel and Unusual Punishment, Race/Color Discrimination, First Amendment Violations."

To begin with, Plaintiff's claims that the Clearlake Defendants violated his rights to due process and equal protection when they designated him as "anti-law enforcement" and racially profiled him in 2006 and early 2007 have previously been denied in his prior lawsuits. The claims against the Clearlake Police Department was denied under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), in his 2007 lawsuit. *Davis v. Clearlake Police Dep't., et al.,* No. C 07-3365 EDL (ECF No. 79.) The claims against the individual officers were dismissed as untimely in his 2009

---

[1] The Court does not address the timeliness of these claims because there may be grounds for tolling that are not apparent from the Complaint.

lawsuit. *See Davis v. Herman, et al.*, No. C 09-0257 PJH (ECF No. 17). It is unclear whether Plaintiff's claims here are based upon the Clearlake Defendants' actions in 2006 and 2007, or are based on more recent or ongoing designation of him as a target. Plaintiff indicates that he has been incarcerated in state prison for the last ten years, that he will soon be released, and that he fears continued targeting by the Clearlake Defendants when he is released. Speculative future targeting that has not taken place is not actionable. Nonetheless, if Plaintiff's claims are based upon more recent or ongoing designations and targeting of him by the Clearlake Defendants, he may amend his complaint to make such allegations.

Plaintiff also does not state a valid due process claim unless there was a violation of a state law, which he has not identified, that created a federal constitutional right. Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Plaintiff cites no authority, and the Court is aware of none, that the Clearlake Defendants' alleged actions violated the Due Process Clause itself. *See generally Porter v. Osborn*, 952 F.3d 1131, 1137 (9th Cir. 2008) (only official conduct that" shocks the conscience" is cognizable as a violation of the Due Process Clause) (internal quotation and citation omitted). Plaintiff does not allege any state law violated by Defendants' actions either, let alone a state law that creates a "liberty interest" protected by the federal right to due process. *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995) (state laws create a protected "liberty interest" if they narrowly restrict the power of officials to impose a deprivation "real substance"). Plaintiff may attempt to fix this problem in an amended complaint, which he may file according to the provisions set forth below.

Plaintiff also does not allege a valid First Amendment retaliation claim. To state a proper claim for retaliation, a plaintiff must allege that officials took adverse action because of the plaintiff's exercise of speech protected by the First Amendment. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff alleges that Clearlake Defendants targeted him and designated him as anti-law enforcement in retaliation for his 2007 lawsuit. His allegation that Defendants took these actions after he filed the lawsuit does not plausibly support an inference of retaliation; rather, Plaintiff must allege facts that plausibly support an inference of a nexus

5

between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). In his amended complaint, he may attempt to fix this problem.

Plaintiff's allegations do not state a claim for cruel and unusual punishment under the Eighth Amendment because he has not alleged any punishment by the Clearlake Defendants. The Cruel and Unusual Punishment Clause of the Eighth Amendment is implicated by disproportional sentences, *see Graham v. Florida*, 560 U.S. 48, 59 (2010), and the conditions of confinement for convicted prisoners, *see Helling v. McKinney*, 509 U.S. 25, 31 (1993). Plaintiff states that he is not challenging his conviction, and the Clearlake Defendants' actions were not related to the conditions of his confinement in state prison. Absent some authority that the Defendants' alleged unlawful designation and targeting of him constituted punishment subject to Eighth Amendment limitations, he has not stated a valid claim under the Eighth Amendment. Plaintiff may attempt to cure this deficiency in his amended complaint.

Plaintiff's allegations also do not state a valid equal protection claim because he has not alleged that he was treated differently from similarly situated people. The Equal Protection Clause of the Fourteenth Amendment commands "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). He does not allege that there are people who acted similarly to him or were otherwise in a similar position as him but whom Defendants did not unlawfully designate or target for harsh treatment. If he is claiming racial discrimination, he must allege that Defendants treated him differently than similarly situated people because of his race. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). He does not make this allegation. As with his other claims, Plaintiff will have an opportunity to address this problem in his amended complaint.

## CONCLUSION

The claims against Defendants Curry and Sutter County Department of Child Protective Services are DISMISSED without prejudice to filing them in a new Complaint in the United States District Court for the Eastern District of California.

The claims against Defendants Clearlake Police Department, Lieutenant Herman, Sergeant

Celli, and Officer Hobbs are DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before **August 15, 2022**. The amended complaint **must** include the caption and civil case number used in this order (No. C 22-1481 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 14, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

7