UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLEARLAKE POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01481-JSC<br><br>**ORDER OF DISMISSAL** |

　　On July 14, 2022, the Court dismissed Plaintiff's civil rights complaint. (ECF No. 9.) The claims against Defendants Clearlake Police Department, Lieutenant Herman, Sergeant Celli, and Officer Hobbs ("the Clearlake County Defendants") were dismissed for failure to present a cognizable claim for relief, and Plaintiff was granted 28 days to file an amended complaint.[1] (*Id.*) Thereafter, he was granted an extension of time to December 14, 2022, to amend. (ECF No. 15.)

　　Plaintiff has not filed an amended complaint. Rather, on December 19, 2022, Plaintiff filed a "response" to the order dismissing the complaint with leave to amend in which he argues that his complaint should not have been dismissed. (ECF No. 16.) To the extent Plaintiff seeks reconsideration of the Court's order, he must obtain leave to do so by showing: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to

---

[1] Claims against additional Defendants located in Sutter County were dismissed without prejudice to filing in the proper venue, the Eastern District of California. (*Id.*)

consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9. Plaintiff's response does not assert any material facts or law that either differ from those that were presented, have newly emerged, or were not considered by the Court. Rather, he asserts that he does "not agree" with the order, but he does not dispute any of the Court's specific findings that his claims were not cognizable, nor does he address the reasoning or authority underlying those findings. Plaintiff's disagreement with the Court's order may be raised on appeal, but it is not a proper basis for reconsideration. *See generally Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (reconsideration motions are not a substitute for appeal or a means of attacking some perceived error of the court).

Plaintiff was cautioned on two occasions that his failure to file an amended complaint would result in the dismissal of his remaining claims. (ECF Nos. 9, 16.) Because he has not done so or shown cause why not, the claims against the Clearlake County Defendants are DISMISSED with prejudice. *See WMX Technologies v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (when complaint has been dismissed with leave to amend and plaintiff does not amend, further district court determination is necessary).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge